# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLLIN REYNOLDS,<br><br>        Plaintiff,<br><br>   v.<br><br>P. ROUCH, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01029-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

Dyllin Reynolds ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 2, 2017. (ECF No. 1). The complaint is awaiting screening.

The Court has conducted a preliminary review of the complaint, and it appears that Plaintiff has failed to exhaust his available administrative remedies. Plaintiff has stated that there is a grievance procedure available at his institution and that he filed a grievance concerning the facts related to the complaint, but that he did not complete the grievance process. (Id. at 2.).

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the administrative process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake,

136 S.Ct. 1850, 1857, 1859 (June 6, 2016).

Exhaustion of administrative remedies must occur before the filing of the complaint. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Court notes that a dismissal for failure to exhaust is without prejudice. Id.

While there are no "special circumstances" exceptions to the exhaustion requirement, Ross, 136 S.Ct. at 1862, "the [administrative] remedies must indeed be 'available' to the prisoner." Id. at 1856.

Based on the face of Plaintiff's complaint, it appears that Plaintiff has failed to exhaust his available administrative remedies. Therefore, the Court will order Plaintiff to show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. Failure to respond may result in dismissal of this case.

IT IS SO ORDERED.

Dated: __**August 3, 2017**__         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE