# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLLIN REYNOLDS,<br><br>      Plaintiff,<br><br>  v.<br><br>P. ROUCH, et al.,<br><br>      Defendants. | Case No. 1:17-cv-01029-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>(ECF NOS. 1 & 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Dyllin Reynolds ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 2, 2017. (ECF No. 1). The complaint is awaiting screening.

The Court reviewed the complaint, and it appeared that Plaintiff failed to exhaust his available administrative remedies before filing suit. Plaintiff stated that there is a grievance procedure available at his institution and that he filed a grievance concerning the facts related to the complaint, but that he did not complete the grievance process. (Id. at 2).

Because it appeared from the face of the complaint that Plaintiff failed to exhaust his available administrative remedies, the Court ordered Plaintiff to show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. (ECF No. 5).

On September 14, 2017, Plaintiff filed his response to the order to show cause. (ECF No. 9). According to Plaintiff, he filed this case before he received a decision from the third and final level of administrative review. He did this because he wanted to file his complaint

1

within the six month time period.[1] Plaintiff argues that the exhaustion requirement does not apply to him because he is seeking monetary damages, which are not available through the applicable administrative procedure.

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies must occur *before* the filing of the Complaint. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). A dismissal for failure to exhaust is without prejudice. Id.

The Court will recommend dismissing this case for failure to exhaust, without prejudice. Based on Plaintiff's assertions, it appears that Plaintiff has filed a grievance, and that it is being processed, but that Plaintiff filed this case before receiving a decision from the third and final level of review.

Plaintiff's assertion that he does not need to exhaust because he is seeking monetary damages is incorrect. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016). Plaintiff has not made any allegation that the relevant administrative procedure lacked authority to provide any relief or to take any action whatsoever (he merely alleged that it could not provide monetary damages). In fact, Plaintiff appears to admit that the administrative process can provide him with relief (just not the relief he wants). (ECF No. 9, pgs. 1-2).

Accordingly, Plaintiff was required to exhaust the available administrative remedies before filing this case. As Plaintiff did not exhaust the available administrative remedies before filing this case, the Court will recommend dismissing this case without prejudice.

---

[1] It is unclear what six month time period Plaintiff is referring to.

The Court notes that if these findings and recommendations are adopted, Plaintiff may file a new case covering the same claims once he has exhausted his available administrative remedies.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, because Plaintiff failed to exhaust the available administrative remedies prior to filing this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 15, 2017**　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE